## MAULDIN v. GREENVILLE.

1. APPEAL—CONDEMNATION.—JUDGMENT may be entered up on verdict of jury in appeal from assessment of damages by arbitrators for altering grade of street, under special statutory proceeding and appeal taken therefrom, and losing party may enter up such judgment for purposes of appeal.

2. CONTINUANCE.—Upon appeal from dissolution of temporary injunction to restrain statutory proceedings for assessment of damages, it is not error to proceed with trial of appeal in such proceeding in Circuit Court.

3. APPELLANT from assessment by arbitrators of damages to abutting lot owner from altering grade of street, under charter provisions of city of Greenville, need not state in his notice of appeal the grounds upon which he desires a review of the proceedings.

4. EVIDENCE—OFFICER.—Power and authority of a person to act as an officer may be shown by proving that he acted and was recognized as such officer.

5. CONDEMNATION—GREENVILLE.—Right to compensation for damages to abutting lot owner, for altering grade of street in Greenville, does not depend on whether the building was erected with reference to a street grade obtained of city engineer, or whether he had authority to fix such grades.

6. DAMAGES—STREETS—CONDEMNATION.—Measure of damages from altering grade of street is difference between market value before and after alteration. Cost of lowering floor, loss of tenants, and depreciation in rental value, are proper elements in estimating such damages.

7. CONDEMNATION—STREETS—GREENVILLE.—In city of Greenville, abutting property owners have right to demand, and city is liable to make compensation for damages to the property by reason of altering the grade of the street.

Before KLUGH, J., Greenville, July term, 1901. Affirmed.

Statutory proceeding for assessment of damages by W. L. Mauldin against City Council of Greenville. From judgment on trial of appeal from arbitrators' assessment, defendant appeals on following exceptions:

"1. Error in ordering the said case to trial after the defendant had given notice of intention to appeal from the order of his Honor dissolving the temporary injunction in the case of City Council of Greenville *v.* W. L. Mauldin, being a case to enjoin the plaintiff from a further prosecution of this proceeding until its appeal in the case of City Council against Mauldin could be heard and determined.

"2. Error in not sustaining defendant's motion to dismiss plaintiff's appeal upon the ground that it was too general and indefinite.

"3. Error in allowing the witness, W. L. Mauldin, to testify that G. L. Norman was city engineer at the time the said witness alleges he obtained the grade of the sidewalk for the purpose of erecting the building at the corner of Main and Washington streets, and in allowing the said wit-

ness to testify that the said G. L. Norman fixed the grade for the plaintiff at that time. It being respectfully submitted that the records of the city council were the best evidence of this fact, and there was no testimony going to show that the said G. L. Norman had authority from the city council to establish grades.

"4. Error in permitting plaintiff's counsel to ask the witness, W. L. Mauldin, the following questions, over objection of the defendant: 'What did it cost you to place your property in the same relative position to the street after the change of grade that it was before the grade was changed?' And allowing witness, over objection of defendant's counsel, to answer the question. It being respectfully submitted that the measure of damages in this case was not the expense which the plaintiff incurred in lowering the floors of his building, but the difference in the market value of the property before and after the change on the grade.

"5. Error in allowing, over the objection of defendant's counsel, plaintiff's counsel to ask the said witness the following question: 'Tell the jury what you have paid, actually, in lowering the floors that you have lowered?' It being respectfully submitted that the city council is not responsible to the plaintiff for the money that he paid in actually lowering the floors, even though it be responsible in damages at all. The true test being the difference in the market value of the property before and after the alleged alteration.

"6. Error in allowing the witness, W. L. Mauldin, to testify as to the contents of a written protest which he claims to have filed with the defendant, before the grade was changed. It being respectfully submitted that the instrument itself is the best evidence of its contents, and its absence was not satisfactorily accounted for. In this connection, error in not striking out the evidence of the witness as to the contents of said protest.

"7. Error in allowing the witness, P. T. Hayne, over the objection of defendant's counsel, to testify that 'My idea is that the property was damaged in value just whatever it

would cost to bring that property back on the grade.' It being respectfully submitted that the defendant is not bound by the idea of the witness as to the measure of damages, although such idea be consistent with the rules of law, which was not the fact in this case.

"8. Error in not striking out the testimony of the said witness, P. T. Hayne, as to the property of Mrs. E. M. Cleveland, and the effect of the alteration of the grade upon the said property. The same being mere hearsay and otherwise irrelevant.

"9. Error in allowing the following question, over objection of defendant's counsel, to be propounded to the witness, R. Mays Cleveland: 'Suppose you had a tenant in there, and after the sidewalk had been lowered you lost the tenant, would it be easier to get a new tenant after it was cut down as before it was cut down, getting the same rent?' Said question being entirely hypothetical, and otherwise incompetent. The true measure of damage being the difference in the market value of the property before and after the alteration.

"10. Error in allowing the witness, J. H. Haynes, to testify as to what he charged the plaintiff for lowering the floors. It being respectfully submitted that the defendant cannot be held responsible for such charge.

"11. Error in not ruling out the following question propounded to the witness, G. B. Carlisle, defendant's attorneys having objected to the same: 'Suppose that Gov. Mauldin had not made those new steps, but had left it just like it was, and if you had to get boxes to get up in there, would you have stayed there?' The said testimony being entirely irrelevant, and its only effect being to confuse and mislead the jury.

"12. Error in holding competent, over objection of defendant's counsel, the following question, which was propounded the witness, G. B. Carlisle: 'Would the rental value have been as high if it had not been fixed with the new steps?' It being respectfully submitted that the said ques-

tion was entirely incompetent and not responsive to the question of damages, as contemplated by the charter under which this proceeding was instituted.

"13. Error in allowing the witness, Henry Briggs, to testify as to who was city engineer at a certain time in the history of the city. It being respectfully submitted that this was a matter of record, and the record should have been introduced or its absence satisfactorily explained.

"14. Error in holding competent, after objection on the part of defendant's counsel, the following question propounded to the witness, T. W. Barr: 'Would it be an advantage for the city to give you a grade and you build your property according to that grade, and the city should decide to change the grade and come and cut it down two feet, would that be an advantage or disadvantage?' It being respectfully submitted that the said question had no relevancy to the issue of damages contemplated by the charter, and was otherwise incompetent.

"15. Error in ruling out proof of an ordinance of the city of Greenville defining the duties of the city engineer. The said ordinance having been ratified on the 7th day of December, 1893, and being the only ordinance vesting the city engineer with power to fix grades.

"16. Error in ruling out an ordinance providing for a special assessment to pay for street improvements, ratified on the 7th day of February, 1893, being the ordinance under which the grade in front of plaintiff's property was lowered. In this connection, error in ruling that whatever part of the ordinance had been declared unconstitutional could not go in evidence now, for the reasons: (a) At the time the grade of this street was lowered, the said act and ordinance had not been declared unconstitutional, but, on the contrary, had been declared constitutional, in so far as they affected sidewalks. (b) The fact that this decision was subsequently overruled by this Court, should not operate to the prejudice of the defendant or subject it to damage, when at the time the said work was done it was acting in

obedience to legislative authority, which declared it the duty
of this defendant to grade the said sidewalk, and by virtue
of a decision of this Court, which declared the said act
constitutional, in so far as it affected sidewalks, and that the
city council had the right to charge and collect as against the
abutting property owners two-thirds of the costs of the said
improvements.

"17. Error in charging the jury that the charter of the
city of Greenville provides 'that where a person's property
is injured by lowering the grade about his property, he shall
be compensated for it.' It being respectfully submitted that
there is no such provision in the said charter, and the work
in question was not done under the charter but under act of
1891.

"18. Error in charging the jury, 'If you think that the
lowering of the grade from what it formerly was has left his
property in such condition as to leave it less valuable than
it was before, then he has been deprived of, either in the
loss of tenants or diminution in the value of property, or the
expense that he has been put to will be the amount of com-
pensation which he will be entitled to have awarded him.'
(a) It appearing in this case that the work was done under
legislative authority, in good faith and under direct sanction
of a decision of this Court, which held that the city council
had the right so to do, and which act not only made no
provision as to damages, but allowed the defendant to
assess two-thirds of the costs of the said improvements upon
the abutting property owners, thereby recognizing especial
benefit to the said property. He should have charged that
the defendant could not be held responsible for damages by
reason of the said work under these conditions. (b) Even
if the defendant was liable in damages, it is respectfully
submitted that the true measure of damages in such case is
the difference in the market value of the property before
and after the said alteration. (c) He should have submit-
ted to the jury the question as to whether or not the altera-
tion and repairs of the street in question was of such a char-

29—64

acter as would entitle the property owner to compensation.

"19. Error in not holding that this work was done under act of 1891 (see vol. 20, Statutes at Large, page 1372), and not under the charter, which act makes no provision for damages, and plaintiff, therefore, was not entitled to any in this proceeding."

*Messrs. B. A. Morgan* and *Carey & McCullough,* for appellant.

The latter cite: *Against motion to dismiss appeal:* Code, 11; 4 S. C., 23; 13 S. C., 403; 2 Ency. P. & P., 78, 136; 136 N. Y., 500; 57 S. C., 317; 58 S. C., 560.

*Mr. Morgan* cites: *Power to fix grade of street is public power and cannot be delegated to city engineer:* 1 Dill. Mun. Corp., secs. 96, 443, and notes to 779; 16 S. E. R., 867. *It is incumbent on plaintiff to show that grade was given by authority of city council:* 100 Ind., 545; 69 Ia., 541; 44 Coms., 24; 32 Mich., 164; 2 Dill. Mun. Corp., note to 990. *As to measure of damages:* 16 S. E. R., 895; 30 Am. St. R., 845. *Plaintiff cannot complain as to the roadway, as he did not protest:* 14 S. C., 290. *Plaintiff must abide by law in force when grade was altered:* 12 L. R. A., 856; 15 Ency., 1046; 21 S. C., 572; 25 S. C., 280. *Notice of appeal from arbitrators should have stated grounds:* 38 S. C., 308.

*Messrs. Mauldin & Hubbard* and *Haynsworth, Parker & Patterson,* contra, cite: *Appeal should be dismissed:* 22 Stat., 7; 2 Ency. P. & P., 15, 16, 17, 19, 22; 6 Cranch, 314; 7 Wall., 506; 14 S. C., 571; 32 S. C., 1; 42 S. C., 431. *Proper to refuse to continue case because of notice of appeal from order dissolving injunction:* High on Inj., sec. 893; 7 Johns. Ch., 295; 132 U. S., 14. *Plaintiff's appeal from arbitrators was not too general:* 43 S. C., 99. *As to proof of authority of one acting as an officer:* 1 Green. Ev., 392. *As to measure of damages:* Lewis Em. Dom., sec. 478. *City is liable for damages resulting from change in grade of*

*street:* 53 S. C., 285, 575, 88. *Judge was not in error in charging as to element of damages:* Lewis on Em. Dom., 494; 10 Ency. P. & P., 1165; 5 L. R. A., 775; 125 U. S., 161. *Plaintiff's right to recover did not depend on whether he had obtained the correct street grade:* 32 S. C., 172; 34 S. C., 16; 42 S. C., 121. *Objection not ruled is not ground for exception:* 23 S. C., 75; 53 S. C., 126.

August 11, 1902. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is a special proceeding by W. L. Mauldin, under sec. 30 of the charter of Greenville city, to secure compensation for damages to his property abutting on Main street of said city, resulting from the lowering of the grade of said street. The board of arbitrators appointed pursuant to said section of the charter as the special tribunal to assess the amount of damages awarded Mauldin $1,000 as damages. Both parties appealed to the Circuit Court, and the issue of the amount of damages was submitted to a jury under instructions from the Court, and the jury found a verdict in favor of the plaintiff for $2,000. From the judgment entered thereon, on motion of defendant, the defendant appeals upon numerous exceptions set out in the case and herewith reported.

The first question arises on respondent's motion to dismiss the appeal on the ground (1) That there is no authority for entering judgment upon a verdict in a special proceeding like this; and (2) that there is no right of appeal from the verdict in such proceeding. Whether this proceeding be deemed an action or a special proceeding, the statute provides for the submission of the issue to a jury in the Court of Common Pleas. Sec. 286 of the Code provides that if a different direction be not given by the Court, the clerk must enter judgment in conformity with the verdict. We see no reason why judgment may not be entered on a verdict in an issue in this form of proceeding as in other civil proceedings. The design of the statute was to

give a summary and expeditious mode of securing compensation, and it is not at all probable, in the absence of specific language indicating such intent, that the statute merely intended the verdict of the jury in the Court of Common Pleas to operate merely as an award upon which another action must be brought to make it effective. The entry of judgment was, therefore, properly made. If the party in whose favor the verdict is, does not enter, or cause to be entered, any judgment thereon, the other party desiring to appeal may cause judgment to be entered thereon, as in this case. The judgment is one from which an appeal may be taken, as shown in the case of *Railroad Co.* v *Railroad Co.*, 57 S. C., 321, 35 S. E. R., 553; for if the proceeding be regarded as an action removed into the Court of Common Pleas from an inferior jurisdiction, an appeal would lie under subdivision 1 of sec. 11 of the Civil Code of Procedure; and if it be regarded as a special proceeding, it is appealable under subdiv. 3 of the same section.

While the appeal from the award of the arbitrators was pending and before trial in the Circuit Court, the city council of Greenville brought an action against W. L. Mauldin for an injunction to restrain the further prosecution of the special proceedings, and obtained a temporary injunction, which was dissolved afterwards. Before the trial herein, the city council having given notice of intention to appeal from the order dissolving the temporary injunction, objected to proceeding with the trial until after the determination of said appeal from the order of dissolution. This was overruled, and to this ruling appellant excepts. We see no error in this. When the temporary injunction was dissolved, there was no obstacle to proceeding with the hearing, as the notice of intention to appeal from the order dissolving the temporary injunction could not operate to restore the injunction.

The second exception imputes error in not sustaining defendant's motion to dismiss plaintiff's appeal from the decision of the arbitrators upon the ground that it was too

general and indefinite. The same might be said of this exception. The point which appellant argues under this exception is that plaintiff's notice of appeal stated no grounds upon which a review of the proceedings before the arbitrators would be asked. In the case of *Atlantic Coast Line R. R. Co.* v. *South Bound R. R. Co.*, 57 S. C., 317, it was held necessary in an appeal from condemnation proceedings for right of way under sec. 1747, Revised Statutes, that the grounds of appeal be stated. This, however, was because the statute giving the right of appeal expressly required "notice of the intended appeal, with the grounds thereof," to be served, and provided for the submission of an issue to the jury, "if the Court shall be satisfied of the reasonable sufficiency of the grounds." The statute in the case here contains no such requirements. The clause of sec. 30 of the city charter relevant to this matter is as follows: "*Provided,* That either party may appeal from such assessment to the Court of Common Pleas for said county by serving written notice of such appeal upon the other party within five days after such assessment shall have been made, when the issue of value shall be submitted to a jury." The court was correct in not adding a condition to the appeal and submission to a jury, which the statute did not impose.

Exceptions 3 to 16, inclusive, relate to rulings as to admissibility of testimony. Exception 3 imports error in allowing the witness, W. L. Mauldin, to testify that G. L. Norman was city engineer at the time the witness said he obtained the grade of the sidewalk for the purpose of erecting the buildings, and in allowing the witness to testify that G. L. Norman fixed the grade for the plaintiff; the objection being that the records of the city council were the best evidence of the fact, and there was no testimony to show that G. L. Norman had authority to establish grades. It appears that W. L. Mauldin was mayor of the city at that time, and was in a position to know who was city engineer. It is not always necessary to prove the writ-

ten appointment of officers. It was sufficient in this case
to prove that the officer acted and was recognized as such.
Besides this, it appears that later in the testimony it was
shown from the minute book of the city council that
G. L. Norman was the city engineer. But further,
such testimony was immaterial, as plaintiff's right
to recover compensation and the amount of his compensation
did not depend upon whether his buildings had originally
been erected with reference to a street grade obtained from
the city engineer, and in this view it was immaterial whether
the city engineer had power to fix grades or not.

The other exception as to rulings as to the admissibility
of testimony were discussed by appellant only in so far as
the testimony related to the measure of damages, appellant's
general contention being that the rulings referred to
in the exceptions violated the rule that the measure
of damages in this case was the difference between
the market value before and after the lowering of the street
grade. Conceding this to be the correct measure of dam-
ages, we do not think the Circuit Court erred in admitting
the testimony as to the costs of lowering the floors of the
buildings to conform to the street grade, or as to the loss of
tenants in the event such changes in the buildings were not
made. The market value of property depends very largely
and usually upon its rental value, and the rental value would
largely depend upon the convenience of ingress and egress
for customers and the handling of wares and merchandise,
and this would be much affected if the sidewalk and street
grade were materially below the floors and entrances of the
store buildings. These were but elements or factors which
would ordinarily enter into a correct estimate of the diminu-
tion in value of the buildings by reason of the changes made
necessary by the alteration of the street grade. The rule
as to the true measure of damages contended for by appel-
lant was substantially charged to the jury in these words:
"If you think that the lowering of the grade from what it
formerly was has left his property in such condition as to

leave it less valuable than it was before, then (what) he has been deprived of, either in the loss of tenants or dimunition in the value of property, or the expense that he has been put to, will be the amount of compensation which he will be entitled to have awarded him."

The remaining exceptions, which relate to the right of plaintiff to compensation, or the liability of defendant to make compensation for damages done to abutting property by altering the street grade, as provided in sec. 30 of the city charter, have all been conclusively disposed of adversely to appellant's contention, in the cases of *Mauldin* v. *City Council,* 53 S. C., 287, 31 S. E. R., 252; *Garraux* v. *City Council,* 53 S. C., 575, 31 S. E. R., 597; *Water Power Co.* v. *City Council,* 53 S. C., 82, 30 S. E. R., 699, and the case of *City Council* v. *W. L. Mauldin,* decided at this term. All exceptions overruled.

The judgment of the Circuit Court is affirmed.