### EX PARTE POSTAL TELEGRAPH CABLE CO.

Certiorari—Appeal—Judgment.—While a telegraph company could raise the question by *certiorari*, before judgment, that jurisdiction in condemnation had not been acquired of it because of want of proper service of notice, yet after judgment is entered by clerk in Circuit Court on condemnation verdict and motion is made in Circuit Court to set aside the judgment for want of proper notice, the remedy is appeal from order refusing to vacate the judgment and not *certiorari*. Whether the clerk has authority to enter up judgment on condemnation verdict not considered.

Petition of Postal Telegraph Cable Co. in this Court for writ of *certiorari* requiring the clerk of the Court of Spartanburg County to certify to this Court the record in the condemnation proceedings of Mary T. Beacham against Postal Telegraph Cable Co.

*Messrs. R. K. Carson* and *Ravenel & Gantt,* for petitioner.

*Mr. J. W. Nash,* contra.

November 2, 1905. The opinion of this Court was delivered by

Mr. Justice Woods. On the petition of Postal Telegraph Cable Co., his Honor, the Chief Justice, issued a writ of *certiorari* requiring the clerk of the Court of Common Pleas for Spartanburg County to certify to this Court all the proceedings concerning the assessment of damages for a right of way to be paid by the telegraph company to Mrs. Mary T. Beacham; the allegation of the petition being that the judgment entered in those proceedings is absolutely null and void for lack of the written notice of the proceedings to the telegraph company required by law. From the return

of the clerk, these facts appear: Mrs. Mary T. Beacham, on March 12, 1903, filed her petition with the clerk to have compensation assessed by a jury for land appropriated by the telegraph company for a right of way. Notice of the proceeding was served on Mesrs. Ravenel & Gantt, attorneys for the company, but not on an officer of the corporation. His Honor, Judge Aldrich, made an order on March 13, 1903, directing the clerk to empanel a jury to ascertain the compensation to be paid for the land required. The petitioner, the telegraph company, appearing only for the purpose of objecting to the jurisdiction of the Court, moved before Judge Aldrich on March 20, 1903, at his chambers, in Aiken, for an order rescinding his order to the clerk, on the ground that he was without jurisdiction to make that order. This motion was dismissed on the ground that under subdivision 4, section 402, of the Code of Procedure, it could not be heard in Aiken. The petitioner then renewed the motion before Judge Aldrich at Greenwood, on March 27, 1903, denying the jurisdiction of Judge Aldrich to make the original order providing for the empanelling of a jury on four different grounds, which it is not necessary to set out, as none of them are relied on in this petition. On March 28, 1903, Judge Aldrich made an order denying this motion. The telegraph company then served on the clerk and the attorneys for Mrs. Beacham a written protest against further proceeding with the organization of the jury on these grounds:

"1. Because due notice of the time and place of the organization of the jury herein has never been given to the defendant's attorneys.

"2. Because the jury herein, as now summoned, was drawn without due notice served upon the defendant or its attorneys.

"3. Because there is now pending in the Court of Common Pleas of Spartanburg County an action to determine the petitioner's right to compensation herein."

The clerk nevertheless proceeded and the jury assessed the compensation to be made at $150. On this assessment, the clerk, on the motion of the attorneys for Mrs. Beacham, entered judgment in due form for the amount assessed and costs, aggregating $203.30, as a judgment of the Court of Common Pleas. Subsequently, on June 29, 1903, the telegraph company moved before his Honor, Judge Dantzler, then presiding at the Spartanburg Court, "for an order setting aside and vacating the verdict and judgment herein, and vacating the execution herein issued, and for such other relief as to the Court may seen just, for the reason that the Court has no jurisdiction in this proceeding." In his order, Judge Dantzler says: "I find that a motion was made before Judge Aldrich in this same proceeding, at Greenwood, on March 27, 1903, for an order to rescind the original order of March 13, 1903, on the ground that he did not have jurisdiction to make said order. He overruled the motion in an order of March 28, 1903. His order stands. If for no other reason, I would have to refuse this motion because this order binds me. But even if I were not so bound, I must refuse the motion, because it does not raise any question fatal to the jurisdiction which the facts sustain. This is a special proceeding under a particular statute, and so far as has been brought to my attention, the statutory requirements have been complied with. The motion is refused." From this order, the telegraph company appealed, but the appeal was dismissed by the clerk of this Court for want of prosecution, July 22, 1904. The telegraph company then instituted this proceeding in *certiorari* to have the record reviewed, alleging that the judgment entered by the clerk is void for want of jurisdiction, relying solely on the ground that notice of the proceeding under which it was entered was not served on the telegraph company, as required by law.

At the hearing of the cause, counsel for Mrs. Beacham moved to quash the writ on a number of grounds, one of which was that the decree of Judge Dantzler decided the precise point which the telegraph company now undertakes

to make by *certiorari,* and the appeal from that order having been dismissed, the objection to the jurisdiction on the ground of want of the notice of the condemnation proceedings required by statute has been finally adjudicated against the telegraph company.   If the telegraph company had desired to have this Court review the condemnation proceedings, and the orders hereinbefore recited made by Judge Aldrich, on the ground that jurisdiction had not been acquired by due service of the notice required by the statute, it could have done so before the judgment was entered only by *certiorari* or some other similar proceeding, and not by appeal.   This was decided in *Aull* v. *R. R. Co.,* 42 S. C., 431, 20 S. E., 302.   But in the present case, the telegraph company waited, after Judge Aldrich had refused to set aside his first order, until the clerk of the Court of Common Pleas for Spartanburg County had entered a formal judgment for the amount of the condemnation verdict and costs, and then moved in that Court to have this judgment and all the proceedings which led up to it annulled for lack of jurisdiction.   In deciding this motion, Judge Dantzler, in the Circuit Court, at the instance of the telegraph company, passed upon the questions of law and fact affecting the adequacy of service of notice of the condemnation proceedings; and if the Circuit Court had jurisdiction of the motion, then it is evident this Court could not review its conclusions except by appeal.

The authority of the clerk to enter a formal judgment in the Court of Common Pleas on the verdict of a condemnation jury regularly obtained was not drawn in question before Judge Dantzler, and is not made in the petition for *certiorari.*   For the purposes of this proceeding, the judgment must, therefore, be considered regular in all respects, except for the alleged vice of lack of service of the original notice.   There can be no question of the right of a defendant to move in the Circuit Court, as the telegraph company did here, to have declared void a judgment entered in that Court by the clerk, and the Court's decision on such motion as to the validity of the judgment is conclusive, at least as to the

particular ground of attack covered by the motion. The case, therefore, stands just as if a defendant had moved in the Circuit Court to have what purported to be a judgment by default declared void for lack of service of the summons, as required by law, and on such motion the Circuit Court had adjudged the service sufficient and the judgment valid. In such case clearly the remedy of the defendant would not be by writ of *certiorari,* but by appeal to this Court. So in this case, Judge Dantzler, in the Court of Common Pleas certainly had jurisdiction to entertain the motion made by the telegraph company to relieve it from a judgment alleged to be void for want of anything requisite to the jurisdiction of the Court, and having adjudged on the motion to vacate the judgment that the facts failed to sustain the attack on it for want of jurisdiction based on alleged lack of service of the notice required by law of the condemnation proceedings, his decision is itself a final judgment of the Court of Common Pleas on a matter within its jurisdiction, and can be reviewed only by appeal.

The motion to quash the writ of *certiorari* is granted.

*The* CHIEF JUSTICE *did not participate in this opinion because of illness.*