8289

## SOUTHERN POWER CO. v. WHITE.

1. CONDEMNATION—NEW TRIAL.—On appeal from verdict of clerk's jury in condemnation on trial in Circuit Court, the Court may grant a new trial *nisi* or absolute.

   MR. JUSTICE FRASER *dissents.*

2. IBID.—OPENING AND REPLY.—When both parties appeal from clerk's jury in condemnation, the landowner is entitled to open and reply.

Before ERNEST GARY, J., Spartanburg, January, 1912. Reversed.

Condemnation proceedings by Southern Power Co. against A. L. and T. J. White. Plaintiff appeals from the following Circuit order:

"This was an appeal by both parties from the verdict of a jury empanelled by the clerk in condemnation, and came on for hearing at the November term of said Court. An issue was framed submitting to the jury the question of the amount of compensation defendants were entitled to on account of the erection by the plaintiff of a line of steel towers and wires over and across defendants' lands in the suburbs of Spartanburg. The jury fixed the compensation at thirty-five hundred dollars. Plaintiff gave notice of a motion for a new trial, *nisi,* upon the minutes, and the same has just been argued before me, the plaintiff's attorneys contending that the verdict is excessive, and that I should set aside the verdict and grant a new trial, unless the defendants would remit from the verdict such amount as I might conclude was excessive. After hearing argument, I am of the opinion that under the terms of the provisions of the Code, I am without jurisdiction or power to interfere with the verdict or grant a new trial, and that defendants' attorneys' contention as to that is correct. The Code provides that the verdict of the jury, on appeal, shall be final and conclusive, unless set aside by the Supreme Court; and I so hold. The motion is refused for the foregoing reasons."

*Messrs. Osborne, Lucas & Cocke, Nicholls & Nicholls,* and *John Gary Evans,* for appellant, cite: *Circuit Court has jurisdiction to grant new trial:* 51 S. C. 431; 14 S. C. 428; 1 S. C. 1; 58 S. C. 560; Code 1902, 2734. *Plaintiff was entitled to open and reply:* 15 S. E. 637; 20 S. E. 484; 21 S. E. 997.

*Messrs. Bomar & Osborne,* contra, cite: *As to power of Circuit Court to grant new trial:* 113 Fed. 370; 93 Fed. 613. *As to right to open and reply:* 2 Lewis on Em. Domain, sec. 645.

August 8, 1912. The opinion of the Court was delivered by

Mr. Justice Hydrick. The Circuit Court erred in holding that it had no power to set aside the verdict and grant a new trial, absolute or *nisi.* The argument that the Court must be denied that power because the Constitution provides that the compensation for the use of land shall be ascertained by a jury is untenable on principle and authority. The Constitution also guarantees the right of trial by jury in many other cases in which the power of the Court to set aside the verdicts of juries and grant new trials, absolute or *nisi,* has been sustained so frequently by this Court that it is now unquestioned, and, in the face of these decisions, it cannot logically be maintained that the exercise of the power deprives the parties of their constitutional right of trial by jury. *Warren* v. *Lagrone,* 12 S. C. 45; *Stuckey* v. *R. Co.,* 57 S. C. 395, 35 S. E. 530; *Hall* v. *R. Co.,* 81 S. C. 533, 62 S. E. 848.

If the power is denied, it is only by implication from the use of the following words in section 2191, volume I, Code of 1902, where it is said with regard to the verdict of the jury in the Circuit Court, "whose verdict shall be final and conclusive, unless a new trial shall be ordered by the Supreme Court." The language quoted certainly does not

expressly deny the power of the Circuit Court to set aside the verdict and grant a new trial. On the other hand, the power to do so is expressly conferred in section 2734, volume I, Code 1902, which reads: "Circuit Courts shall have power to grant new trials in cases where there has been a trial by jury for reasons for which new trials have usually been granted in the Courts of law of this State."

Prior to the adoption of the Constitution of 1868 and the act from which section 2734 was taken, the Circuit Courts in this State had no power to grant new trials. That could be done only by the Supreme Court. But under the Constitution of 1868 and the present Constitution, the provisions of which, as to the matter under consideration are substantially, if not identically, the same as those of the Constitution of 1868, the power to grant new trials, which is an appellate power, is denied to the Supreme Court, which has appellate jurisdiction only in equity cases, and its power in law cases is limited to the correction of errors of law. *State* v. *Bailey,* 1 S. C. 1; *Byrd* v. *Smalls,* 2 S. C. 388; *State* v. *David,* 14 S. C. 430.

A consideration of the provisions of the condemnation act, as it now appears in section 2191, above quoted, in the light of contemporaneous and subsequent legislation, reorganizing the Courts and prescribing new methods of procedure therein, under the Constitution of 1868, will show conclusively that those words were never intended to have the effect which is now claimed for them; and, furthermore, that the necessary result of subsequent legislation has been to repeal that provision, if it can be construed to have that effect.

On August 28, 1868, it was enacted, pursuant to the limitations of the power of the Supreme Court by the Constitution, which had been ratified in April before, that "final judgments and decrees in civil and criminal actions in the Circuit Courts, brought there by original process, or removed there by appeal from any inferior Court or juris-

diction, may be re-examined and reversed or affirmed in the Supreme Court, upon *writ of error,*" etc.   14 Stats., 12. The same statute provided for an appeal to the Supreme Court in equity cases.   Naturally, therefore, we find in the original condemnation statute, which was enacted later on, September 22, 1868 (14 Stats., 89), these words, "whose verdict shall be final and conclusive, unless, *on writ of error,* a new trial shall be ordered by the Supreme Court."   It will be observed that these words are slightly different from those now found in section 2191.   The reason for this difference becomes apparent when we remember that the writ of error was abolished on the adoption of the Code of Procedure on March 1, 1870, and an appeal substituted for it in all cases.   14 Stats., 500, 527.   Hence, in the next codification (Rev. Stats., 1873, 354) we find the words "on writ of error" omitted.

In view of the practice which had obtained in this State for a long time, and the prevailing opinion that new trials could be granted only by the Supreme Court, it may, indeed, have been supposed that the Circuit Court would have no power to grant new trials in such proceedings, but such supposition, if it existed, was erroneous, because this Court held distinctly, in *State* v. *Bailey* and in *State* v. *David, supra,* that the power to grant new trials in cases tried by the Circuit Courts was one of their inherent powers.   At any rate, the statute from which section 2734 was taken was enacted just four days after the condemnation act, to wit, September 26, 1868, 14 Stats., 136.   We think the history of the legislation of the time shows that the purpose of inserting those words was merely to provide the right to have the proceedings reviewed by the Supreme Court, at first, on writ of error, and afterwards, when that writ was abolished, by appeal; because, at that time, there had not been enacted any general law as to what proceedings of the Circuit Courts could be reviewed by the Supreme Court, and, hence, no doubt, it was thought necessary to provide in the condemna-

tion act for such review; otherwise, there would have been no appeal from the judgment of the Circuit Court. Therefore, we do not think those words should be construed to deny a power to the Circuit Courts which was expressly conferred upon them by a statute of a subsequent date, enacted by the same legislature—for even if their proper construction would, without considering any other legislation, result in a denial of the power by implication, the subsequent statute, granting the power in express, though general, terms, overrides and repeals the former.

Again, we find in section 288 of the Code of Procedure (adopted March 1, 1870, 14 Stats., 485), under the chapter headed "Trial by Jury," this provision: "The Judge who tries the cause may, in his discretion, entertain a motion, to be made on his minutes, to set aside a verdict and grant a new trial upon exceptions, or for insufficient evidence, or for excessive damages."

There is another consideration which should have some weight in leading the Court to this conclusion. In proceedings of this kind, this Court has no appellate jurisdiction, but can correct only errors of law. Therefore, no matter how excessive a verdict might be, and even though it should be apparent that it was influenced by prejudice or caprice, if it be true that the Circuit Court cannot reduce it or set it aside, there is no power lodged anywhere to correct it. Because, if the Circuit Court has no power to grant a new trial, it has no power even to consider the grounds upon which a new trial would be ordered; hence, as there could be no ruling, there could be no error of law in respect to all such matters of fact, and, therefore, nothing with respect thereto which this Court could review. Again, under such holding, no matter how plainly it should be made to appear to the Circuit Judge that he had erred in matters of law, during the trial—in the admission or exclusion of evidence, or in his charge—and no matter how plainly it might appear that such errors had affected the verdict, he would be power-

less to correct them, and the litigants would be compelled to undergo the unnecessary delay and expense of an appeal to this Court.

Unless the language used by the lawmakers plainly required it we would be inclined against a construction of the statute which might result in such unnecessary expense, inconvenience and delay, and possibly in great and irremediable wrong. We see no reason for denying the power to the Court in the trial of an issue to determine the value of land, and in granting it in the trial of an issue involving the title to the land, and we are satisfied the lawmakers did not intend to make any such difference.

As both sides appealed from the verdict of the clerk's jury, the Court correctly ruled that the landowners were entitled to open and reply on the trial in the Circuit Court. *R. R. Co.* v. *Blake,* 6 Rich. 634.

Reversed.


MR. JUSTICE FRASER, *dissenting.* This is a special proceeding in condemnation of land of the respondents for the use of the appellant company.

The appeal is from the decision of Judge Ernest Gary, in which he held: (1) That the appellants (respondents here) were entitled to the opening and reply; (2) that he had no right to grant a new trial *nisi.*

I. The statute gives the right to open and reply to the "appellant." Both parties appealed from the verdict of the jury before the clerk. The case of *Railroad Company* v. *Blake,* 12 Rich. 650, after stating that in condemnation proceedings the right to open and reply is largely in the discretion of the Judge, says:

"We are of opinion, however, that in general, in the absence of contrary direction by the Judge ordering the issue, the owner claiming damages has the right to open and conclude."

This exception is overruled.

II. The second exception is as follows:

"2d. His Honor erred, it is submitted, also in holding that he had no power or jurisdiction to grant a motion for a new trial *nisi* in a condemnation suit, and in refusing to entertain and grant said motion, it being respectfully submitted that the Circuit Judge has power to grant a new trial in a condemnation case as well as other cases, and his Honor should have considered the merits of the motion and should have granted a new trial *nisi.*"

The Constitution, article IX, section 20, says: "No right of way shall be appropriated to the use of any corporation until full compensation therefor shall be first made to the owner or secured by a deposit of money, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury of twelve men, in a Court of record, as shall be prescribed by law."

"*Which compensation shall be ascertained by a jury of twelve men.*" If the Judge grants a new trial *nisi* and thereby alters the amount in any way, the compensation is fixed by the Judge and not by the jury. To allow the compensation to be fixed by the Judge and not by a jury of twelve men, would be to repeal this constitutional protection to the landowner. The judicial department is as much bound by the Constitution as the executive and legislative departments. There is no such thing as an "inherent power" that overrides the Constitution. It is hardly necessary to quote the statute because it cannot change the Constitution. The act cannot empower any other than a jury of twelve men to ascertain the compensation, when the statute says "the question of compensation shall be thereupon submitted to a jury in open Court, whose verdict shall be final and conclusive;" it declares the law in full accord with the Constitution and is a legitimate exercise of legislative power and binding. When the statute goes on to say "unless a new trial shall be

15—92

ordered by the Supreme Court" it must be held to mean that the new trial shall be ordered for a cause for which the Supreme Court is empowered by the Constitution to order a new trial, to wit: for errors of law committed in the trial.

In my opinion the second exception ought to be overruled.