13183

HARDIN v. CITY OF GREENVILLE *ET AL.*

(159 S. E., 465)

54

58

*Mr. B. A. Morgan,* for defendants,

*Messrs. B. F. Martin* and *Price & Poag,* for plaintiff.

June 23, 1931.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON.

This is an appeal from an order of Hon. W. H. Townsend, presiding Judge, dated February 24, 1930, sustaining a demurrer to the first cause of action to the complaint and refusing to sustain the demurrer as to the second cause of action.

In addition to the question of the sufficiency of the complaint, the defendants gave notice of a motion to transfer the trial of the case to Calendar 2 on the chancery side of the Court. This motion was refused by the presiding Judge in the order disposing of the demurrer on the ground that the plaintiff was entitled to a trial by jury on the issues raised in the second cause of action.

Both plaintiff and defendants appeal from the order of Judge Townsend. The defendants raise three exceptions.

The first exception is that the Circuit Judge erred in not holding that, the question being one of eminent domain, where the method of ascertaining the compensation is not provided, the law required that the case be heard by a Court in chancery to determine this in the first instance, whether there was a taking. The plaintiff clearly had the right, under the case of *Hopkins v. Clemson College*, 77 S. C., 12, 57 S. E., 551, to sue the defendants for the taking of private property without just compensation. In the absence of a statute fixing the method of ascertaining the amount of compensation for such taking, the proper remedy is by an action in damages to determine the value of the property so taken. This exception is therefore overruled.

The second exception alleges error in his Honor refusing to hold that, where there is a lawful authority provided for the taking of property for municipal waterworks, such method of ascertaining the amount

of compensation is exclusive. If the defendants had desired to avail themselves of their rights under the alleged statutory authority providing for condemnation and compensation, the plaintiff would have been required to come into a Court and submit to such taking and to have the damages assessed in accordance with the terms of the statute. The defendants did not elect to do this, and there is no provision in the statute for the defendants to force the plaintiff to take this course of action. The statute is made for the benefit of the person desiring to take the property, and outlines a procedure by which property can lawfully be taken and proper compensation assessed therefor. To hold that the plaintiff would have to wait for the defendants to proceed under the condemnation statute would be to deprive the plaintiff of a substantial and material right. According to the record, the defendants have not yet sought to bring a proceeding under the authority of the condemnation statute, and the plaintiff was justified in bringing an action for damages for the alleged unlawful taking of his property.

Exception 3 alleges error in the Circuit Judge refusing to transfer the cause to Calendar 2 and submit the matter to the chancery Court. In a suit for compensation for the taking of private property for public use without compensation, the plaintiff has a right to proceed on the law side of the Court if he deems it proper. Of course, if the defendants had elected to begin condemnation proceedings under the statute, the plaintiff would have had no right to bring an action for damages with the proceeding pending, but this was not done, and the plaintiff was within his rights to bring the action which has been brought. The exceptions of the defendant are therefore overruled.

The plaintiff raises two exceptions to the ruling of his Honor, the presiding Judge.

Exception 1 alleges that his Honor erred in sustaining the demurrer as to the first cause of action on the ground

that the same failed to state facts sufficient to constitute a cause of action, whereas his Honor should have held that the complaint stated a good first cause of action in tort, for injury based upon the improper and negligent, construction and maintenance of the dam to the injury of the plaintiff. The defendants are a municipal corporation and an arm of municipal government itself. Both are governmental agencies, and can only be sued in tort by express statutory authority. In such suit the plaintiff would have to comply with all of the terms of the statute and bring the suit under the provisions of the statute. There is no statute giving the plaintiff the right to sue in tort for damages for the improper and negligent construction and maintenance of a dam by a municipality or by a municipal waterworks commission. This exception is therefore overruled.

The second exception raises almost the same question, except states in addition that the first cause of action is based upon negligence and mismanagement of the defendant city with respect to the construction, management, and maintenance of the dam under the control of the city. Such cause of action would have to be brought, as above stated, under statutory authority, and no such authority exists.

Neither the plaintiff nor the defendant have been deprived of any material right by the order of Judge Townsend. The plaintiff has no cause of action in tort for the negligent construction and maintenance of the dam, but the plaintiff has stated a good cause of action for the taking of private property for public use without just compensation. This action is a law action on the law side of the Court, and the issue must be determined by a jury.

For a full discussion of the question of the right to sue the State or a branch of the government for the taking of private property for public use without just compensation, see the case of *Chick Springs v. The Highway Department,* 159 S. C., 481, 157 S. E., 842, opinion by Mr. Justice Cothran.

It is therefore ordered that the exceptions of both plaintiff and defendants be overruled, and that the judgment of the lower Court be affirmed.

MR. CHIEF JUSTICE BLEASE concurs.

MESSRS. JUSTICES COTHRAN and CARTER concur in part.

MR. JUSTICE STABLER concurs in result.

MR. JUSTICE COTHRAN (for modification): I have not been able to discern any substantial difference between the two alleged causes of action, separately stated in the complaint. Each appears to me to be based upon the constitutional right of the plaintiff to compensation for the taking of his property for public use without due process of law. The supposed differentiating allegation contained in the second cause of action: "That the said entry upon and flooding of the lands of the plaintiff, were and are taking of private property for public use, without the consent of the owner and without compensation therefor," is but a legal characterization of the acts of the defendants alleged in the first cause of action, and adds nothing that could not have been relied upon in support of it. The second cause of action, therefore, is a needless repetition of the first which in itself fully states the basis of the plaintiff's grievance.

That the first alleged cause of action states a complete one I think is concluded by the recent decision of this Court in the case of *Chick Springs Company v. Highway Commission,* 159 S. C., 481, 157 S. E., 842, opinion filed March 18, 1931, and that his Honor, Judge Townsend, was in error in sustaining the demurrer to it. I concur in his disposition of the other matters referred to in his order.

I think therefore that the judgment of this Court should be that the order appealed from, so far as it sustains the demurrer of the defendants to the first cause of action, be reversed, and that the case be remanded to the Circuit Court for such further proceedings as may be had consistent with the conclusions above stated.

MR. JUSTICE CARTER concurs.