18067

The SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant, v. Mrs. Nancy SCHRIMPF, Executrix of the Last Will and Testament of James C. Schrimpf, Jr., Respondent.

(131 S. E. (2d) 44)

*Messrs. Daniel R. McLeod, Attorney General, J. McNary Spigner, Assistant Attorney General,* of Columbia, and *Francis R. Fant,* of Anderson, *for Appellant,*

J. *Calhoun Pruitt, Esq.,* of Anderson, *for Respondent,*

*Messrs. Daniel R. McLeod, Attorney General, J. McNary Spigner, Assistant Attorney General,* of Columbia, and *Francis R. Fant,* of Anderson, *for Appellant, in Reply,*

May 13, 1963.

Moss, Justice.

The South Carolina State Highway Department, the appellant herein, instituted, pursuant to Section 33-122 of the 1952 Code of Laws of South Carolina, this condemnation proceeding against James C. Schrimpf, Jr., the respondent herein, to acquire a right of way for highway purposes and to determine just compensation to be paid the respondent for the land so taken. The respondent appealed to the Court of Common Pleas for Anderson County from the award made by the Condemnation Board and the cause was heard *de novo,* pursuant to Section 33-139 of the Code. The jury, on January 25, 1961, rendered a verdict for the respondent in the amount of $14,960.00. On February 10, 1961, a judgment on the verdict was filed and entered by the respondent in the Clerk of Court's office for Anderson County, South Carolina. On February 16, 1961, the appellant paid the respondent the amount of the verdict. The respondent contended that he was entitled to interest on the verdict and judgment from January 25, 1961 to February 16, 1961. The appellant refused to pay interest on the verdict and judgment. Pursuant to an agreement between the parties the respondent accepted the sum of $14,960.00, but the question

of whether the respondent was entitled to interest was held open for later determination. Thereafter, the respondent moved before the Honorable J. B. Pruitt, Resident Judge of the Tenth Circuit, for an order requiring the appellant to pay interest on the verdict from the date of its rendition until February 16, 1961. On March 30, 1961, the Trial Judge held that the respondent was entitled to collect interest at the rate of six per cent per annum on the amount of the verdict from the date thereof to the date of payment, which interest amounted to the sum of $55.00, and from this ruling the South Carolina State Highway Department has appealed.

The appellant contends that the entry of a judgment on the verdict of the jury in this case was improper because there is no provision in the highway condemnation statutes authorizing such.

Section 10-1458 of the Code authorizes the Clerk of Court upon receiving a verdict to make an entry thereof in his minutes and to enter judgment in conformity with the verdict unless a different direction is given by the Court. Circuit Court Rule 3 provides that the Clerk shall not enter, without special leave of the Court, any judgment until the expiration of five days after the Court has adjourned for the term. The question here is whether the aforesaid statute and rule of Court applies to a verdict in a highway condemnation case.

*Mauldin v. City Council of Greenville,* 64 S. C. 444, 42 S. E. 202, was a statutory proceeding under section 30 of the charter of the City of Greenville to secure compensation for damages to property abutting on Main Street of said City, resulting from the lowering of the grade of said street. A board of arbitrators appointed pursuant to the aforesaid section of the City charter assessed the amount of damages. Both parties appealed to the Circuit Court and the issue of the amount of damages was submitted to a jury and a verdict was had in favor of the plaintiff. From the judgment entered thereon, on motion of the defendant, an appeal was prosecuted to this Court. The respondent, who was the

landowner, made a motion to dismiss the appeal on the grounds (1) that there was no authority for entering judgment upon the verdict in this special proceeding; and (2) there was no right of appeal from the verdict. This Court held that, pursuant to what is now Section 10-1458 of the Code, that judgment may be entered up on verdict of jury in appeal from assessment of damages by arbitrators for altering grade of street, under special statutory proceeding and appeal taken thereon, and losing party may enter up judgment for purposes of appeal. The Court specifically said "If the party in whose favor the verdict is does not enter, or cause to be entered, any judgment thereon, the other party desiring to appeal may cause judgment to be entered thereon, as in this case." It is implicit that the holding in the *Mauldin case* was bottomed upon the premise that an appeal to this Court must be from the judgment and not from the verdict of the jury. This Court so held commencing with the case of *Winsmith v. Walker,* 5 S. C. 473, and concluding with *Sherbert v. School District,* 169 S. C. 191, 168 S. E. 391. However, this rule is no longer applicable and has been changed by Section 7-5 of the 1952 Code, which permits an appeal from a verdict.

The *Mauldin case,* as is heretofore stated, was brought under Section 30 of the charter of the City of Greenville and "was practically a suit for damages already sustained." *Haig v. Wateree Power Company,* 119 S. C. 319, 112 S. E. 55. In *Paris Mountain Water Company v. City Council of Greenville,* 53 S. C. 82, 30 S. E. 699, Section 30 of the Greenville City Charter was construed, not only to give compensation for property taken, but damages sustained by reason of the City changing the grade of a street. The verdict in the *Mauldin case* fixed the amount of damages and furnished the basis of a final judgment which necessarily had to be entered as such when the City desired to appeal therefrom because no appeal could be taken from the verdict under the rule as it then existed.

In the case of *Ex Parte Postal Telegraph Cable Company,* 72 S. C. 552, 52 S. E. 676, the Court, for the purpose of

considering a certiorari proceeding, considered the judgment entered by the clerk in a condemnation proceeding regular in all respects, but cast doubt on the authority of the clerk to enter a final judgment on the verdict of a condemnation jury when it said: "The authority of the clerk to enter a formal judgment in the court of common pleas on the verdict of a condemnation jury regularly obtained was not drawn in question before Judge Dantzler, and is not made in the petition for certiorari."

A review of other eminent domain statutes is enlightening. Section 25-3 of the Code, with reference to every municipality or other corporation, upon which the power of eminent domain has been conferred, shall be required, whenever it institutes a condemnation proceeding against any property to either take the property and pay the amount of the award, or in the event of the abandonment of the condemnation proceeding, to pay the owner of the property sought to be condemned all expenses incurred by him in connection therewith, and such fees, costs and expenses to be fixed by a Master or Referee, and when confirmed by the Circuit Court "shall constitute a judgment against the corporation or municipality instituting the condemnation proceedings and may be entered in the office of the clerk of court, enrolled and enforced as other judgments of the common pleas court."

The Public Works Eminent Domain Law, Section 25-101 et seq., of the 1952 Code, sets forth the procedure by which any Federal Agency, State public body or authorized corporation may institute proceedings for the acquisition of any real property necessary for any public works project and provides for trial of the issue of just compensation either before a Special Master or, upon demand, by a jury. It is also provided in Section 25-125 and Section 25-127 of the Code that the Court, but only on motion of the petitioner unless title to the property has vested in the petitioner, shall enter a final judgment as fixed by the Court or in accordance with the verdict of the jury, and designate the parties entitled to such compensation. Section 25-130 of the Code provides upon the rendition of the final judgment vesting title in the

petitioner, that the Clerk of Court shall make and certify under seal a copy of such judgment. It is thus apparent that the Public Works Eminent Domain Law provides specifically for the entry of judgment in the office of the Clerk of Court under the conditions stated.

Sections 25-161 to 170 of the Code sets up the procedure for Condemnation by Municipalities. It is provided that freeholders shall be selected to determine just compensation with the right to the municipality or the landowner to appeal to the Court of Common Pleas and the issues on appeal shall be tried *de novo* before a jury. Section 25-169 of the Code provides that when any final judgment shall be obtained, either by the award of the freeholders or the order of any Court, then the landowner shall execute a deed to the municipality for the real estate condemned. It is then provided that if such landowner fails or neglects so to do, that the Clerk of the Court after the final judgment is entered in his office, and the amount of the award or verdict of the jury is paid into his office, shall execute a deed for the property condemned to such municipality. This section provides for the entry of a judgment of condemnation under the conditions stated.

The South Carolina State Highway Department is an administrative agency of the State and is authorized to acquire, by condemnation, any lands that may be necessary for the construction, maintenance, improvement or safe operation of highways in this State. Section 33-122 of the Code. The condemnation here is by the State through its administrative agency, the appellant herein.

A review of the condemnation statutes, as such applies to the appellant herein. Section 33-122 *et seq.* contains no provision comparable to those contained in Sections 25-3, 25-101 *et seq.* or 25-161 to 170 with reference to the entry of a judgment in a condemnation proceeding. The only use of the word "judgment" in the statute authorizing condemnation by the appellant is that portion of Section 33-139, which provides *inter alia,* that:

"* * * The verdict of the jury in such cases shall be final, unless set aside for the reasons for which verdicts may be set aside in other cases or unless the judgment of the court thereupon be reversed, for error of law, on appeal to the Supreme Court. * * *"

The provision contained in the foregoing quoted statute that "[t]he verdict of the jury in such cases shall be final, unless set aside for the reasons for which verdicts may be set aside in other cases" simply gives to the Circuit Court, as is expressed in Section 10-1215 of the Code, the authority to grant a new trial in a case in which there has been a trial by jury and such may be granted for reasons for which a new trial is usually granted in the Courts of law of this State. The portion of the quoted statute making the verdict of the jury in a condemnation case final, "unless the judgment of the court thereupon be reversed, for error of law, on appeal to the Supreme Court," merely provides the right to have the proceedings reviewed by this Court to determine whether an error of law has been committed in the trial of the condemnation proceeding. The words "the judgment of the court thereupon" have reference to whether the Circuit Judge committed the error in setting aside or refusing to set aside the verdict of the jury in a condemnation proceeding for which verdicts may be set aside or affirmed in other cases.

The case of *Southern Power Company v. White,* 92 S. C. 219, 75 S. E. 459, was a condemnation proceeding in which a verdict was returned for the landowner. The plaintiff gave notice of a motion for a new trial upon the ground of the excessiveness of the award. The Trial Judge refused the motion, holding that he was without authority to interfere with the verdict or grant a new trial because the condemnation statute provided, with reference to the verdict of the jury, that "whose verdict shall be final and conclusive, unless a new trial shall be ordered by the Supreme Court." This Court reversed the decision of the lower Court and said:

"* * * We think the history of the legislation of the time shows that the purpose of inserting those words was merely to provide the right to have the proceedings reviewed by the Supreme Court, at first on writ of error, and afterwards, when that writ was abolished, by appeal; because, at that time there had not been enacted any general law as to what proceedings of the circuit courts could be reviewed by the Supreme Court, and hence, no doubt, it was thought necessary to provide in the condemnation act for such review; otherwise, there would have been no appeal from the judgment of the circuit court. * * *"

The pertinent statutory provisions under which the appellant condemns property, as we construe such, do not provide for the entry of a judgment upon the verdict of a jury, while the other condemnation statutes, to which we have referred, direct the entry of judgment under the conditions therein stated. In the case of *South Carolina State Highway Department v. Southern Railway Co.,* 239 S. C. 1, 121 S. E. (2d) 236, this Court had for consideration the question of whether interest should be considered in arriving at just compensation. There it was pointed out that under the State Authorities Eminent Domain Act, Section 25-27 of the Code, and the Public Works Eminent Domain Law, Section 25-110 of the Code, that express provision is made for the payment of interest but no comparable provision appears in any of the acts providing for the condemnation of property by the appellant for highway purposes and, as is applicable here, the Court said "it will not be presumed that the absence of such provision was an oversight which this Court should remedy by reading such into the acts."

The entry of a judgment is merely a ministerial act for the purposes of notice, lien and enforcement. *Spartan Mills et al. v. Law,* 186 S. C. 61, 194 S. E. 653. Section 33-144 of the Code provides *inter alia* that "[T]he original papers in all condemnation proceedings to acquire any right of way for any State highway shall be filed by the Department in its offices at Columbia." It is then provided that an index to such shall be kept and made

by the department. Section 33-145 of the Code provides that the filing and indexing of the original papers in all condemnation proceedings shall have the same force and effect as if such condemnation proceedings were actually recorded in the office of the Clerk of the Court in which the land described in such condemnation proceedings is situated. It is thus apparent that it was not necessary to enter the judgment in this case for the purpose of giving notice thereof because the statutes aforementioned provide such. It was not necessary to file the judgment for the purpose of creating a lien or enforcing such. The entry of the judgment in this case could not give any lien over any property of the state and no execution could be levied against the property of the state in the absence of a statute expressly creating such right in express terms. *Brooks v. One Motor Bus,* 190 S. C. 379, 3 S. E. (2d) 42.

■ We conclude that there is no statutory authority where the South Carolina State Highway Department condemns property authorizing the Clerk of the Court to enter and enroll as a judgment the award made by the jury. If the General Assembly had intended that a verdict in a condemnation proceeding instituted by the appellant should ripen into a judgment, it would have said so, as it did in the other condemnation statutes, to which reference has been made. Section 10-1458 of the Code is only applicable to verdicts rendered in civil actions and does not apply to a verdict rendered by a jury under a condemnation statute, unless such statute provides for the entry of a judgment thereunder. Cf. *Haig v. Wateree Power Company,* 119 S. C. 319, 112 S. E. 55.

The Trial Judge not only held that the award of the jury in this case was properly entered as a judgment but he further held that such would bear interest as is provided in Section 8-2 of the 1952 Code of Laws.

Having reached the conclusion that there is no statutory authority authorizing the Clerk of the Court to enter and enroll as a judgment an award made by the jury in a condemnation case, it necessarily follows that the respondent

was not entitled to interest under the aforesaid section of the Code.

The order of the Trial Judge holding that it was proper to enter as a judgment the award made by the jury in this case and in allowing interest thereon is reversed.

TAYLOR, C. J., and LEWIS, J., concur.

BUSSEY and BRAILSFORD, JJ., dissent.

BUSSEY, Justice (dissenting).

It is with regret that I find myself unable to concur in the majority opinion in this case.

The questions involved in this appeal are somewhat variously stated by the parties in their respective briefs, but the basic contentions of the appellants are, (1) that the entry of a judgment on the verdict was improper, and (2) that, regardless of whether or not the judgment was properly entered, the landowner is not entitled to recover interest on the verdict from the date thereof to the date of payment. The respondent challenges the foregoing contentions of the appellant and further expressly contends that since the Constitution of this State is self-executing, Article I, Section 17 of the Constitution of South Carolina compels that interest after verdict should be paid as a part of the just compensation provided for by the Constitution.

With respect to the first contention, the appellant argues that there is no provision in the Highway Condemnation Statutes, 1962 Code Sections 33-125 *et seq.*, authorizing the entry of a judgment and that the rule laid down by this court in *Haig v. Wateree Power Co.*, 119 S. C. 319, 112 S. E. 55, should control the decision on this point, rather than the rule in *Mauldin v. City Council of Greenville*, 64 S. C. 444, 42 S. E. 202.

The *Haig* case is clearly distinguishable from the instant case, as there the verdict of the jury was not a final adjudication of the rights of the parties. Here, according to the statement of the case, the taking of the landowner's property by the Department occurred on September 7, 1960, and the verdict of the jury was on January 25, 1961. Of course, the

Department may abandon a condemnation at any time before taking actual possession and entering, *Jennings v. Sawyer,* 182 S. C. 427, 189 S. E. 746, but it is not contended that the Department has any right of abandonment here. Under the circumstances of this case, the verdict of the jury finally adjudicated the rights of the parties, just as in the *Mauldin case* where it was held that the clerk was required, under the provisions of what is now 1962 Code Section 10-1458, to enter a judgment on the verdict of the jury.

The majority opinion differentiates the *Mauldin case* from the case at bar, in part, on the ground that it was "bottomed upon the premise that an appeal to this Court must be from the judgment and not from the verdict of the jury. * * * However, this rule is no longer applicable and has been changed by Section 7-5 of the 1952 Code [of Laws], which permits an appeal from a verdict. * * * The verdict in the *Mauldin case* fixed the amount of damages and furnished the basis of a final judgment which necessarily had to be entered as such when the City desired to appeal therefrom because no appeal could be taken from the verdict under the rule as it then existed."

I respectfully point out that Section 7-5 has no application except to verdicts "on which a final judgment might be entered." Therefore, it seems to me that the enactment of said section can have no effect on the decision of this case unless the verdict is one on which a final judgment may be entered.

Moreover, it seems clear to me that the legislature contemplated and provided for the entry of a judgment upon a jury verdict in a highway condemnation case. Section 33-139 provides, *inter alia,* that,

"The verdict of the jury in such cases shall be final, unless set aside for the reasons for which verdicts may be set aside in other cases or unless the *judgment of the court thereupon* be reversed, for error of law, on appeal to the Supreme Court." (Emphasis added.)

I find myself in disagreement with the construction accorded the foregoing section in the majority opinion. It

seems to me that no effect is given to the disjunctive words "or unless". My view of the statutory language under consideration is that it provides that the verdict shall be final except in two totally different disjunctive classifications, the first of which is that it shall not be final if set aside by the trial judge, and the other classification is that it shall not be final if the judgment of the court thereupon (that is to say, the verdict) be reversed by the supreme court. The language clearly contemplates an appeal to the supreme court, and such an appeal will lie, without entry of judgment, under Section 7-5, only if judgment might have been entered on the verdict.

I, therefore, conclude that the judgment was properly entered in this case, which brings us to the question of whether the verdict, even though properly entered up as a judgment, bears interest under Section 8-2 of the 1962 Code of Laws, the applicable portion of which reads as follows:

"In all money decrees and judgments of courts enrolled or entered, * * * in all cases wherein any sum or sums of money shall be ascertained and, being due, shall draw interest according to law * * *."

The lower court held that the judgment here falls in the same category as all other verdicts and judgments and would bear interest in accordance with the foregoing statutory provision. The appellant contends the foregoing provision is inapplicable here, even though the judgment be properly entered, in the absence of language in Section 8-2 making it expressly applicable to judgments against the State. The precise question thus raised has not heretofore been before this court but has been considered by various courts, the decisions being not in harmony, and there being some support for appellant's contention.

The weight of authority from other jurisdictions, however, supports the propositions that when a state either consents to be sued or voluntarily becomes a party to litigation, it subjects itself to the jurisdiction of the court and the judgment thereof, and that statutes providing for interest on all judgments are applicable to any judgment which might

be rendered against the state. For authorities supporting these propositions see *Franklin Bros. et al. v. Standard Mfg. Co. et al.,* Tex. Civ. App., 78 S. W. (2d) 294; *Commonwealth v. Lyon,* 72 S. W. 323, 24 Ky. L. Rep. 1747; *Duree v. State,* La. App., 96 So. (2d) 854; *Reeves v. State of Louisiana,* 232 La. 116, 94 So. (2d) 1; *State v. Warden,* 206 Okl. 223, 242 P. (2d) 129; *State v. La Plata River & Cherry Creek Ditch Co. et al.,* 101 Colo. 368, 73 P. (2d) 997; *Fla. Livestock Board v. Gladden,* Fla., 86 So. (2d) 812; *Connecticut General Life Ins. Co. v. State,* Cal. App., 117 P. (2d) 377.

In this state the right to sue the state for compensation for land taken for public use is granted by the Constitution and had the Department not proceeded under the condemnation statutes, but had taken the right of way without any process, the state would have been subject to suit. *Chick Springs Water Co. v. State Highway Department,* 159 S. C. 481, 157 S. E. 842; *Hardin v. City of Greenville,* 161 S. C. 53, 159 S. E. 465. When the Department commenced the eminent domain proceedings pursuant to the applicable statutes, it submitted itself to the jurisdiction of the court knowing full well that under the statute the proceeding could well end in a judgment against the Department. I see no good or logical reason why this judgment, properly entered against the Department, should not bear interest in accordance with the provisions of Section 8-2 of the Code.

Assuming, however, that the majority opinion is correct in concluding that the applicable statutes do not authorize the entry of a judgment and interest thereon in a highway condemnation case, we still have left for consideration the constitutional issue relied upon by the respondent. I respectfully submit that the case of *Haig v. Wateree Power Co., supra,* is binding precedent for the allowance of interest on the verdict here, even in the absence of the entry of a judgment and independently of the statutory provisions above discussed.

Under the circumstances of that case, the court properly held that judgment could not be entered on the verdict because the condemnor had an election, as to whether to pay the verdict, until it actually took possession of the property. The court squarely held that in the absence of any statute on the subject, the allowance of interest on the verdict was controlled "by the constitutional principle requiring just compensation for property taken." The court pointed out that upon the rendition of the verdict and fixing the award, the taking of the property became optional with the condemnor and the rights of the landowner were seriously affected. I quote from the opinion:

"If the amount of the award had been paid on the date of the rendition of the verdict, when the right to take vested in the condemnor, it would have been 'just compensation.' As the payment was postponed by the condemnor until a future time, the landowners did not receive 'full compensation' as contemplated under the Constitution. The difference is the same as between a sale for cash and a sale on time. The plaintiffs herein are entitled to interest under the constitutional provisions requiring just and full compensation for private property taken for public purposes."

Attention is also invited to the equally strong language in the concurring opinion of Mr. Justice Cothran.

The case of *South Carolina Highway Dept. v. Southern Railway,* 239 S. C. 1, 121 S. E. (2d) 236, is precedent only for the proposition that interest, or its equivalent, from the date of the taking to the date of the trial may not be included in the verdict and we, of course, are bound by this decision.

The *Haig case,* correctly decided in accordance with the great weight of authority, was not overruled by the *Southern Railway case,* and we are not requested to even review it here. Therefore, the respondent is entitled to *stare decisis* application of the principle that the verdict in a condemnation case draws interest, as a necessary element of just compensation, even though it be held that it was improper to enter a final judgment on the verdict. The fact that here,

contrary to the *Haig case,* the verdict is against the sovereign is of no legal consequence because the sovereign, just as other condemnors, is enjoined by the Constitution to pay just compensation, and the *Haig case* is binding authority for the proposition that this requires the allowance and payment of interest on a condemnation verdict.

For all of the foregoing reasons, I would affirm the judgment of the lower court.

BRAILSFORD, J., concurs.