CASE No. 1172.

WILSON & CO. v. ATLANTA AND CHARLOTTE AIRLINE
RAILWAY COMPANY.

1. An agent having testified positively and of his own knowledge that certain cotton (for the negligent burning of which the action was brought) be-

longed to the plaintiffs jointly, said upon his cross-examination, " my books show how the cotton was owned." *Held*, that objection to the statement of witness, in the absence of his books, as to the ownership of the cotton, was properly overruled.

2. The trial judge could not charge that plaintiffs were not joint owners of the cotton, there being testimony tending to show that they were.

3. In action against a railroad company for the negligent burning of cotton near its track, the judge did not err in refusing to charge " that if the jury find from the evidence that the defendant corporation was provided with the most approved machinery for protection against fire, and said machinery was worked by competent and careful employés, they will find for the defendant."

4. Motion in the Circuit Court for new trial is the proper proceeding for the correction of an alleged error committed by the jury in the allowance of interest in their verdict.

5. The verdict being for a gross sum as damages, it cannot be set aside as erroneous, even if the amount found was reached in part by an allowance of interest.

---

Before WALLACE, J., Spartanburg, March, 1880.

This was an action commenced February 5th, 1880, by R. T. Wilson & Co., Gustav Dambman and the Navassa Guano Company against the Atlanta and Charlotte Airline Railway Company. The complaint demanded $2,200 damages for the negligent burning of thirty-three bales of cotton belonging to the plaintiffs at Gaffney City, in Spartanburg county, on November 2d, 1879. The cotton was on a platform belonging to the town, near the railroad track. It had not been delivered to the railway company.

W. J. Duncan, agent for the plaintiffs, testified that plaintiffs jointly owned the cotton; that the burnt bales contained 16,005 pounds of middling, worth at that time ten and a quarter cents per pound, but such cotton had since sold at twelve and three-quarters cents. The fire broke out on top of the cotton within a few minutes after the eastward bound passenger train had left the depot, after a stay of twenty minutes for dinner. The distance of the engine from this platform, whether it emitted sparks or not, and whether parties were at the same time sitting upon these bales smoking cigars, were matters upon which the testimony was conflicting.

Defendant made certain requests to charge, which are correctly stated in the exceptions.    Other matters are given in the opinion.

His Honor charged the jury as follows:

In this case there are three plaintiffs suing jointly, and the jury must be satisfied they were joint owners of the cotton alleged to have been burnt.   If they were not joint owners they cannot recover, and the verdict must be for the defendant.   If you find that they were joint owners, you must next inquire, first, how was it burned?   If you find that the agents of defendant did not burn the cotton, then you must find for the defendant. Defendant is liable only in case of negligence.   Defendant had the legal right to run its trains over their road.   Defendant must have proper equipments on its trains.   If trains are properly equipped and fires occur, and that is proved and no more, it would be no negligence, but accident, and defendant would not be liable.   Negligence is absence of due care in performing any act.   If any act is done in pursuing a right, and injury occur in the absence of due care, the defendant would be liable.   If anything is done in pursuance of a right that common prudence forbids, defendant would be liable, because it would be negligence.   To make it negligence the defendant must have been doing an act that, under all the circumstances of the particular case, the plain suggestion of prudence would forbid.

Verdict for plaintiffs for $1,686.73.

A motion on the minutes for a new trial was refused, and defendant appealed upon the following exceptions:

1. Because of error in that the Circuit judge erred in overruling the objection of defendant's counsel to the statement of W. J. Duncan as to quantity and ownership of the cotton, when such quantity and ownership was, he testified, shown by his books, the books themselves not being produced.

2. Because the Circuit judge erred in not instructing the jury, as requested by defendant's counsel, that, as a matter of law, Gustav Dambman was not a joint owner with the other plaintiffs in the cotton.

3. Because the Circuit judge erred in not instructing the jury, as requested by defendant's counsel, that, as a matter of law, the

Navassa Guano Company was not a joint owner with the other plaintiffs in the cotton.

4. Because the Circuit judge erred in not instructing the jury, as requested by defendant's counsel, that, as a matter of law, from the proof made by the plaintiffs, none of them were joint owners in the cotton.

5. Because the Circuit judge erred in not instructing the jury, as requested, "that if the jury find from the evidence that the defendant corporation was provided with the most approved machinery for protection against fire, and that said machinery was worked by competent and careful employés, they will find for the defendant."

7. Because of error in that the Circut judge refused the motion for a new trial when the evidence was uncontradicted that the defendant corporation had provided the most improved machinery for the protection against fire, and said machinery was worked by careful, prudent and competent employés.

*Messrs. W. E. Earle, D. R. Duncan,* and *Wells, Orr & Westmoreland,* for appellant.

*Messrs. Bobo & Carlisle,* and *J. S. R. Thomson,* contra.

March 15th, 1882. The opinion of the court was delivered by

McIver, A. J. This was an action to recover damages for the destruction of thirty-three bales of cotton alleged to have been burned by the negligence of the defendant company. The cotton was deposited near the railroad track for shipment, but had not been receipted for by the agent of the company when it was destroyed by fire.

The first question raised by the appeal is as to the competency of certain testimony adduced for the purpose of showing that the plaintiffs were joint owners of the cotton. The witness, Duncan, testified that he was the agent of all the plaintiffs and that the cotton " was owned by the three companies in common." Afterwards, in reply to a question propounded by defendant's counsel, he said, " My books show how the cotton was owned," where-

upon the counsel for defendant " objected to the statement as to ownership of the cotton in the absence of the books," which objection was overruled and the defendant excepted.

The exception seemed to be based upon the assumption that the witness spoke of the ownership of the cotton from his books only, but there is no foundation for such an assumption. The witness did not say, either expressly or by implication, that he derived his knowledge as to the ownership of the cotton from his book entries, but, on the contrary, testified positively that the plaintiffs were joint owners; and it was only in reply to a question of defendant's counsel that he stated that this fact, which he had previously testified to as within his own knowledge, likewise appeared upon his books. He nowhere refers to the books as the source of his knowledge, and it cannot be pretended that the ownership could only be proved by the books. There was, therefore, no foundation for this exception.

The second, third and fourth grounds of appeal complain of error on the part of the Circuit judge in not instructing the jury, as matter of law, that the plaintiffs were not joint owners of the cotton. This he could not do without invading the province of the jury. There was testimony tending to show that they were joint owners, and the question whether the testimony was sufficient to establish the fact was solely for the jury. All that the judge could properly do was to leave the question of ·fact to the jury, instructing them, as he did most explicitly, that unless the testimony satisfied them that the plaintiffs were joint owners of the cotton, they could not recover. These grounds cannot be sustained.

The fifth and seventh grounds of appeal may be considered together, as they raise, substantially, the same question. Did the facts that the company had provided its engines with the most approved appliances for preventing the escape of sparks from the smoke-stacks, and had employed competent and careful persons to run the engines, preclude the further inquiry, whether, upon the particular occasion in question, there had been negligence on the part of any of the employés of the company causing the damage of which the plaintiffs complained? These facts would certainly create a very strong presumption in

favor of the company, but it will not do to say that they would be absolutely conclusive that there was no negligence, and that the judge should, as matter of law, have instructed the jury that proof of these facts would relieve the company from the charge of negligence. This could only be upon the assumption that competent and careful persons *always* exercise their skill in a careful manner, and are *never* negligent in the discharge of their duties—an assumption which is contradicted by experience.

Negligence, as is said in the case of *Scott* v. *Crews*, 2 *S. C.* 531, and the authorities there cited, is a mixed question of law and fact. Whether a person has been guilty of negligence in a particular case is to be determined, first, by ascertaining what constitutes negligence; second, whether the evidence in such case shows that he has done or omitted to do any act which would constitute negligence thus defined. The first is a matter for the court, and the second for the jury.

Here, it was the duty of the Circuit judge to define negligence by explaining to the jury what would constitute it, and then leave it for the jury to say whether the defendant, by its employés, had done or omitted to do any act, the doing or omission of which would constitute negligence as thus defined. This duty was fully performed, for the Circuit judge, after explaining to the jury what would constitute negligence, in terms to which no exception has been taken, explicitly instructed them that the defendant could not be made liable unless such negligence was established by the evidence. In fact, he went further and said to the jury that " if trains are properly equipped and fires occur, and that is proved and no more, it would be no negligence but accident, and defendant would not be liable." There was, therefore, no error of law, as charged, in either of these grounds of appeal.

The sixth ground alleges error, because the jury, by their verdict, allowed interest on the value of the cotton. This ground should properly have been presented on a motion addressed to the Circuit judge for a new trial, for it does not appear that there was any request for any instruction to the jury upon this point, or that any instruction was given. It, however, could not be sustained, even if it had been properly presented. The

verdict does not find interest *eo nomine*, but it is simply for a gross sum, which either may or may not include interest. The action was for damages, and in arriving at the amount of damages sustained by the plaintiff, interest could be assessed by the jury as part of the damages. *Kyle* v. *The Laurens Railroad Company*, 10 *Rich.* 387. If the jury had undertaken to allow interest *eo nomine*, it may be that, under the case of *Ancrum* v. *Stone*, 2 *Spears* 594, there might have been ground for the exception, but that is not the case here.

The eighth ground of appeal presents no question of law and need not be considered. Indeed, this, as well as the sixth ground, seem to have been abandoned, as neither of them were alluded to in the argument.

The judgment of this court is that the judgment of the Circuit Court be affirmed.

SIMPSON, C. J., and McGOWAN, A. J., concurred.