## 12232

### KNIGHT v. SULLIVAN POWER COMPANY

#### (138 S. E., 818)

1. EVIDENCE—IN ACTION FOR DAMAGE TO REAL ESTATE, EXPERT WITNESS HELD PROPERLY PERMITTED TO EXPRESS OPINION AS TO EFFECT OF PONDING WATER ON UPPER STREAMS AND LAND.—In action for injuries to real estate from construction of dam, expert witness for plaintiff *held* properly allowed to state his opinion as to effect of ponding water on streams and land above the ponding water, particularly where matters testified to related principally to matters of fact.

2. EVIDENCE—EXPERT WITNESS' TESTIMONY HELD SUFFICIENT FOUNDATION FOR EXPRESSION OF OPINION AS TO EFFECT OF PONDING WATER ON STREAMS AND LAND ABOVE IT.—Expert witness' testimony to effect that he had for many years been surveying bottom lands and was familiar with the effect of ponding water *held* sufficient foundation for an expression of his opinion as to effect of ponding water on streams and lands above ponding water.

3. EVIDENCE SUBJECT TO MANY EXCEPTIONS, NORMAL FUNCTION OF WITNESS IS MERELY TO STATE FACTS WITHIN HIS KNOWLEDGE.—The normal function of a witness is merely to state facts within his personal knowledge, though many exceptions exist.

4. APPEAL AND ERROR—OBJECTION TO TESTIMONY HELD WAIVED, AND ERROR, IF ANY, IN ITS ADMISSION RENDERED HARMLESS, BY FAILURE

TO OBJECT TO OTHER LIKE TESTIMONY.—Objection to admission of expert testimony *held* waived, and error, if any therein, rendered harmless by defendant's failure to object to testimony of like character given by another witness.

5. DAMAGES—INTEREST IS RECOVERABLE AS PART OF DAMAGES TO REAL ESTATE FROM CONSTRUCTION OF DAM.—In action for damages to real estate for construction of dam, instruction allowing jury to include interest in damages awarded *held* not error.

6. TRIAL—INSTRUCTION PERMITTING JURY TO ASSESS DAMAGES, INCLUDING "SUCH INTEREST AS YOU THINK SHOULD BE ALLOWED," HELD NOT ERRONEOUS, IN ABSENCE OF REQUEST FOR MORE SPECIFIC INSTRUCTIONS.—Instruction permitting jury to include in damages awarded, "such interest as you think should be allowed," *held* not erroneous as permitting interest at an unlawful rate, in view of failure to request a more specific instruction.

Before JOHNSON, J., Greenville, April, 1926.    Affirmed.

Action by J. E. Knight against the Sullivan Power Company.    Judgment for plaintiff, and defendant appeals.

*Messrs. Martin & Blythe,* for appellant, cite: *Function of witness:* 22 C. J., 485; Id., 643; 74 S. C., 129; 91 S. C., 539. *In case of unliquidated damages interest not recoverable:* 4 McCord, 15; 2 Spears, 594; 10 S. C., 476, 492. *Recovery of interest in a tort action as part of damages:* 34 S. C., 508; 76 S. C., 308, 313; 92 S. C., 119; 97 N. E., 1100; 39 L. R. A. (N. S.), 212; 1 N. & McC., 56, 57; 47 S. C., 177, 185; 76 Pac., 341; 100 A. S. R., 988.

*Messrs. Haynsworth & Haynsworth,* for respondent, cite: *Qualification of witness:* 22 C. J., 518; 84 Mo. App., 374; 39 S. W., 204; 10 S. W., 846; 90 S. C., 267. *The admission or exclusion of opinion evidence within discretion of trial Judge:* 102 S. C., 142; 90 S. C., 267, 271; 22 C. J., 514. *Recovery of interest in a tort action as part of damages:* 16 S. C., 587; 10 Rich., 387; 34 S. C., 508; 69 S. C., 481; 76 S. C., 308; 18 L. R. A., 449; 28 L. R. A. (N. S.), 1; 17 Atl., 187; 49 Fed., 807; 163 U. S., 456; 238 Fed., 39; 74 U. S., 132, 139; 258 U. S., 40; 54 Fed., 474. *Cases distinguished:* 10 S. C., 476. *Failure to request*

*instructions by Judge on any particular point waives right
to such instruction:*   132 S. C., 448; 128 S. C., 209; 131
S. C., 247; 77 S. C., 399; 62 S. C., 325; 59 S. C., 87; 13
.S. C., 190; 92 S. C., 72; 81 S. C., 152; 95 S. C., 397; 60 S.
C. 9, 22. *Failure to instruct as to rate of interest does not
render charge erroneous:*   54 S. E., 814; 30 N. W., 804;
34 S. C., 508.

July 8, 1927.

The opinion of the Court was delivered by MR. JUSTICE
STABLER.

This is an action for damages for alleged injuries to real
estate, the property of plaintiff, by a dam erected and owned
by the defendant company.   The action was begun on June
·9, 1918.   The plaintiff alleged that he is the owner of
166½ acres of land on Horse Creek and Little Horse Creek
in Greenville and Laurens Counties; that the defendant is
a domestic corporation engaged in the business of generat-
ing electricity; and that prior to the time of the erection of
the dam the waters of the creeks mentioned flowed in a free
and unobstructed channel.   The fifth paragraph of his
complaint is as follows:

"That some time during the year 1911, the defendant
commenced the erection of a dam at Tumbling Shoals, 2½
miles below plaintiff's land, and completed same in 1912;
and defendant has maintained same ever since, whereby de-
fendant has obstructed the natural flow of sand and water
in said creeks and raised the beds thereof; and has backed
water and caused the channel of said creeks to fill up with
sand, mud, and other deposits, and to overflow with water,
sand, mud, and other deposits, approximately 60 acres of
plaintiff's bottom land, lying on and between Horse Creek
and Little Horse Creek in Greenville County, being a part
of the land described in Paragraph 1 of the complaint,
whereby said land has been rendered utterly valueless and

unfit for cultivation, to plaintiff's damage in the sum of $6,000."

The defendant admitted plaintiff's ownership of the land and its own corporate existence and business, but denied the other allegations of the complaint.

The case was tried by Judge Johnson and a jury on April 5–7, 1926. Evidence was adduced by the plaintiff tending to establish the disputed allegations of the complaint, and to show that, at the time of bringing the suit, June, 1918, about 52 acres of defendant's land had been rendered completely worthless, by reason of its being covered with water and mud, and that such land could not be used even for pasturage. The plaintiff also introduced testimony tending to support a verdict for the full amount of damages asked for in the complaint.

Testimony for the defendant tended to show that the plaintiff's land had not been damaged in any manner by the erection of the dam, and that the damage, if any, was caused by obstructions in the channels of the streams between defendant's pond and plaintiff's land.

The jury rendered the following verdict: "We find for the plaintiff twelve hundred fifty dollars."

The appellant's exceptions, six in number, present two grounds of imputed error: (1) Error on the part of the trial Judge in permitting the plaintiff's witness Nash to state his opinion as to the effect of ponding water upon streams and lands above the ponding water; and (2) error in charging that in assessing damages, if they found for the plaintiff, they might take into consideration as a part of the damages such interest as they thought should be allowed under the circumstances of the case.

As to the first ground of imputed error: When plaintiff's witness Nash was on the stand, the following colloquy took place:

"Q. Have you been surveying bottom lands on creek bottoms and things of that sort for many years? A. Yes, sir.

"Q. Are you or not familiar with the effect of ponding water? A. Yes.

"Q. As to what effect that has upon the creeks? A. I have some idea, I would think.

"Q. What is the effect of ponding water on the creeks and streams above the ponding water?

"Mr. Blythe: I object to that. There are too many conditions that enter there upon which he is not familiar to express an opinion.

"The Court: It is more or less a common knowledge of what ponding of water will do to streams.

"Mr. Blythe: But he doesn't testify to any facts upon which the ponding of water affected this stream.

. "The Court: I think he can testify to that generally, if he is able to do so.

: "Q. What does it do? A. Well, ponding water, of course, will kill land.

"Q. What effect does it have on the streams up above the backwater? A. Cause them to fill up.

"Q. And state whether or not those conditions were occurring on this land when you surveyed it? A. Yes."

The appellant rests its objection to the admission of this testimony upon two grounds: (a) That the witness was not an expert, and (b) that the evidence sought to be introduced being the opinion of the witness, a sufficient foundation was not laid for its admission.

It is to be noted that the witness testified, under the ruling of the Court, to the matters of fact, that he was familiar with the effect of the ponding of water upon streams above the backwater, such knowledge having been acquired by him from his observations and experience as a surveyor of bottom lands on creek bottoms over a period of years; that the ponding of water will kill land, and that its effect upon streams above the backwater is to cause them to fill up; and that these conditions were occurring upon the lands in question when he made a survey of them. We think, for the

reason stated by the trial Judge, this testimony was admissible. Jones on Evidence (2d Ed.), p. 449, *et seq.*

If it be conceded, however, that the evidence sought 2, 3 to be introduced was merely the opinion of the witness as to the cause of the damage to plaintiff's land, we think that the facts and circumstances first stated by him formed a sufficient basis for the expression of such opinion. It is true that the general rule is, as contended by the appellant, that "the normal function of a witness is merely to state facts within his personal knowledge" (22 C. J., 485), but there are many and important exceptions to the rule. Jones on Evidence, *supra.*

The case of *Hand v. Catawba Power Co.,* 90 S. C., 267; 73 S. E., 187, seems to be in point. In that case the defendant appealed to this Court charging the trial Court with error in permitting ordinary or nonexpert witnesses to give their opinion with respect to the effect of a dam on lands lying above it. The Court said:

"The Court allowed plaintiff's witnesses, who were not experts but who had for many years known and observed plaintiff's water power, and were familiar with the creek and the surrounding country, and had observed the results of freshets in the creek and river, to express their opinion that defendant's dam tends that this ruling was erroneous. The rule is well settled that, when the matter or thing to which the evidence relates cannot be reproduced or clearly described to the jury, the witness, though not an expert, may give his opinion, after stating the facts and circumstances upon which it is based. *Seibels v. Blackwell,* 1 McMul., 56. *Jones v. Fuller,* 19 S. C., 70; 45 Am. Rep., 761. *Chemical Co. v. Kirven,* 57 S. C., 448; 35 S. E., 745. The principal difficulty lies in the proper application of the rule; that is, in deciding when the matter or thing to which the testimony refers can, and when it cannot, be adequately portrayed to the jury."

And, as pointed out in the same case:

"Necessarily some discretion must be allowed the trial Judge in determining the question, and his ruling thereupon should not be disturbed, unless it is clearly erroneous and prejudicial."

It appears also that another nonexpert witness for the plaintiff was allowed, without objection, to give practically the same opinion as that expressed by Nash. The defendant thus waived its objection to that character of testimony, and even if there had been error in the admission of the testimony of the witness Nash, it would thus have been rendered harmless. Appellant's first exception cannot be sustained.

As to the second ground of imputed error: On the question whether interest might be recovered as a part of the damages, the trial Judge charged the jury as follows:

"If you conclude that the plaintiff is entitled to compensation, then you would have the right in fixing the amount of his damages to take into consideration such interest as you think should be allowed. In other words, in arriving at the damages sustained by the plaintiff, interest can be assessed by you as part of the damages. In such case, however, your verdict would not be 'so many dollars and interest,' but 'so many dollars,' including in this figure such interest, if any, as you find he should be allowed.

"Now, that means nothing more nor less than this, gentlemen, that you have the right, if you conclude first that the plaintiff is entitled to recover something for the alleged damage suffered, then you have the right in assessing his amount of damage to take into consideration and to add thereto as a part thereof such interest as you, the jury, think he should be allowed under the circumstances of the case."

The appellant's objections to this charge, presented, in varying form, by the exceptions, may be thus stated: (a) That it was error of law to allow recovery of interest because interest cannot be allowed in a tort case on an unliqui-

dated and disputed claim for damages; (b) that it was error to charge substantially that the plaintiff was entitled to recover such interest as the jury thought should be allowed, as interest could be allowed only, if at all, from time of the completion of the injury, and at a rate of not more than 7 per cent.; and (c) error in refusing to grant a new trial on these grounds.

In support of its first and main objection to the charge, appellant relies chiefly on the following South Carolina cases: *Budd v. Insurance Co.,* 4 McCord, 1. *Ancrum v. Stone,* 2 Speers, 594. *Lamar v. Railway Co.,* 10 S. C., 476. We do not think, however, that these cases support appellant's general proposition.

The *Budd case* was an insurance case, and the question was whether the plaintiffs were entitled as a matter of right to interest on the amount found by the jury for a partial loss. The Court said:

"Although we have in some cases allowed interest to be given under the name of damages, we have never gone so far as to say that in cases of insurance it was recoverable *as a matter of right."* (Italics added.)

It appears also that the insurer offered to pay what was actually due, and that this offer was refused. The trial Judge charged the jury that they were at liberty to find a verdict for the true loss with or without interest at their sound discretion, and this charge was upheld on appeal.

In the *Ancrum case* the Court points out why interest may be allowed in the aggregate damages found in a verdict; but why it may not be allowed *eo nomine,* the reason being, as stated by the Court, that "the law does not inquire into the particulars of a verdict for damages, and in some cases interest furnishes a just and convenient measure for the jury."

In the *Lamar case* the Court denied the appellant's contention that he was entitled to interest upon his claim for damages as a matter of right, but did not pass upon the

general question whether interest will be allowed in the discretion of the jury in an action in tort for damages as a part of the verdict for damages.

We think that the case of *Wilson v. Railway Co.,* 16 S. C., 587, is in point and sustains the contentions of the respondent. This was an action for the recovery of damages, for the alleged burning of 33 bales of cotton through the negligence of the defendant. The defendant on appeal contended that the jury by their verdict allowed interest on the value of the cotton, and that this was error. The Court, in passing upon the question, said:

"The verdict does not find interest *eo nomine,* but it is simply for a gross sum, which either may or may not include interest. The action was for damages, and in arriving at the amount of damages sustained by the plaintiff, interest could be assessed by the jury as part of the damages. *Kyle v. Laurens R. Co.,* 10 Rich., 378 (70 Am. Dec., 231). If the jury had undertaken to allow interest *eo nomine,* it may be that, under the case of *Ancrum v. Stone,* 2 Speers, 594, there might have been ground for the exception, but that is not the case here."

So in the case at bar the plaintiff could not recover interest *eo nomine* nor in any event as a matter of right, but the jury, in the exercise of their discretion, might assess interest as a part of the damages and include it in the lump sum found by the verdict. The charge of the trial Judge was in conformity with this principle. This view is supported by high authority in other jurisdictions, including the United States Supreme Court.

As to the second objection advanced by the appellant, it is enough to say that if the appellant desired a fuller statement of the law, it should have so requested, and having failed to do so, it cannot now be heard to complain. *State v. Adams,* 68 S. C., 421; 47 S. E., 676. *White v. Ry. Co.,* 132 S. C., 448; 129 S. E., 457. *State v. Holley,* 136 S. C., 68; 134 S. E., 216.

It follows that the trial Judge committed no error in refusing to grant a new trial.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN and BLEASE and MR. ACTING ASSOCIATE JUSTICE PURDY concur.