17816

SOUTH CAROLINA STATE HIGHWAY DEPARTMENT,
Appellant, v. SOUTHERN RAILWAY COMPANY,
Respondent

(121 S. E. (2d) 236)

*Messrs. Daniel R. McLeod, Attorney General,* and *Grady L. Patterson, Jr., Assistant Attorney General,* of Columbia,

2

and *Bolt & Bowen,* of Greenville; *for Appellant,*

*Messrs. Rainey, Fant & Horton,* of Greenville, and *Frank G. Tompkins, Jr.,* of Columbia, *for Respondent,*

August 3, 1961.

TAYLOR, Chief Justice.

This appeal arises out of an action brought by the South Carolina Highway Department against Southern Railway Company condemning for highway purposes a portion of defendant's right-of-way in Greenville County. A hearing before the Board of Condemnation was held, and resolution fixing the amount of compensation and damages was duly filed. The defendant Railway Company appealed to the Court of Common Pleas for Greenville County; and the case, tried before the trial Judge and a jury, resulted in compensation to the defendant Railway Company being fixed in the amount of $3,800.00. Plaintiff appeals to this Court contending, among other things, that the trial Judge erred in charging the jury with respect to interest, as follows:

"I was requested to charge you that the landowner was entitled to interest on any award from September 15, 1959

up until date of this trial. There·is no statutory provision, Mr. Foreman and Gentlemen of the Jury, providing for interest on a condemnation award at any flat or fixed rate. However, if you conclude from the evidence that the landowner is entitled to an award you should include in your award any damages that you consider under all the evidence that the landowner is entitled to as a result of not having been paid the damages to which it was entitled on September 15, 1959, which is the date of the taking. In other words, the idea here is that under the constitution just compensation is not made unless the landowner is given the equivalent of what is the full and perfect equivalent value of the property taken. Just compensation should make the landowner whole as if the landowner had been paid on time. Again, your award should include all damages, past, present and future that are here involved, provided they are proved with reasonable certainty by all the evidence. The landowner would receive just compensation under the Constitution provision. * * *"

Section 33-135, Code of Laws of South Carolina, 1952, provides:

"In assessing compensation and damages for rights of way, only the actual value of the land to be taken therefor and any special damages resulting therefrom shall be considered."

The following Section, 33-136, Code of Laws of South Carolina, 1952, provides:

"In any condemnation proceeding instituted by the State Highway Department, benefits to be derived by reason of the proposed road construction, including the value of the old road if it shall revert to the person whose property is being condemned, shall be taken into consideration in determining the amount of compensation, if any, to be awarded to such person and due allowance made therefor."

It will be noted that in the foregoing sections no mention is made of interest although the Legislature saw fit to do so

in other condemnation statutes, *i. e.,* Section 25-57, Code of Laws of South Carolina, 1952, State Authorities Eminent Domain Act, provides:

"* * * In the event of an appeal, interest at the legal rate shall be allowed and shall be paid to the landowner upon the final award as finally settled by the courts, from the date that his property or any part of it is taken by the authority. * * *"

And in Section 25-110, Code of Laws of South Carolina, 1952, the Public Works Eminent Domain Law, we find the following:

"* * * If the amount so fixed shall exceed the amount so deposited in court by the petitioner, the court shall enter judgment against the petitioner in the amount of such deficiency, together with interest at the rate of six per cent per annum on such deficiency from the date of vesting of title to the date of * * * entry of the final judgment (subject, however, to abatement for use, income, rents or profits derived from such property by the owner thereof subsequent to the vesting of title in the petitioner) * * *"

Defendant contends that it is entitled to recover interest from September 15, 1959, the date of entry, as just compensation under Article I, Section 17, of the Constitution of South Carolina, 1895. The Constitution does not define "just compensation," or prescribe how it shall be made except where the taking is for the use of a private or *quasi*-public corporation, *Wilson v. Greenville County,* 110 S. C. 321, 96 S. E. 301. The amount of just compensation to be paid can only be determined under the provisions of an act of the Legislature, by whose authority only procedural legislation may be provided whereby private property may be condemned for public use, together with the means by which just compensation is to be paid for the taking, *City of Spartanburg v. Belk's Department Store of Clinton et al.,* 199 S. C. 358, 20 S. E. (2d) 157.

In *Johnson v. South Carolina State Highway Department,* 236 S. C. 424, 114 S. E. (2d) 591, 594, this Court stated:

"* * * The question for determination was what was 'just compensation' for the land taken. Sections 33-135 and 33-136 of the 1952 Code implement Article I, Section 17 of the Constitution by providing a method of ascertaining the amount of 'just compensation' to which the landowner is entitled by reason of the taking of his property by a governmental agency. *Smith v. City of Greenville,* 229 S. C. 252, 92 S. E. (2d) 639. Section 33-135 of the Code prescribes that 'only the actual value of the land to be taken therefor and any special damages resulting therefrom shall be considered'; and Section 33-136 requires that 'benefits to be derived by reason of the proposed road construction' shall be taken into consideration in determining the amount of compensation to which the landowner is entitled. * * * The yardstick for determining 'just compensation' is prescribed by the foregoing statutes. * * *"

The Highway Department statutes were recodified subsequent to the State Authorities Eminent Domain Act, Sec. 25-57 of the Code, and the Public Works Eminent Domain Law, Sec. 25-110 of the Code. Provision is expressly made for payment of interest in those acts, but no provision appears in any of the acts providing for condemnation of property for highway purposes; and it will not be presumed that the absence of such provision was an oversight which this Court should remedy by reading such into the acts. We are, therefore, persuaded to the conclusion that the trial Judge was in error in such charge and that interest is not to be considered in arriving at just compensation in highway condemnation cases.

This question has not heretofore been before this Court. In the recent case of *South Carolina State Highway Department v. Miller,* 237 S. C. 386, 117 S. E. (2d) 561, 564, reference is made to those cases which hold that just compensation includes interest where the property is taken be-

fore payment. This question, not having been raised, was left open by stating, "Assuming, without deciding, that the foregoing rule is applicable in this State, * * *."

Plaintiff also contends error in admitting into evidence testimony to the effect that defendant had established minimum requirements or standards for a safe and proper track bed.

The track bed in question had never been standardized and defendant's witnesses could give no time when it would, if ever, be improved to meet such standards. On the other hand, the testimony is to the effect that money is tight and it would be at least several years, if ever, before the improvements could be made. This evidence as to improvements which might be made in the future is too speculative and remote, *Southern Indiana Gas and Electric Company,* Ind., 166 N. E. (2d) 127, and should be excluded.

For the foregoing reasons, we are of opinion that the judgment appealed from should be reversed and set aside, and it is so ordered. Reversed.

LEGGE, Moss and LEWIS, JJ., concur.

OXNER, J., dissents.

OXNER, Justice (dissenting).

I find no error in the instructions given by the trial Judge on the question of damages. He did not charge that respondent could recover interest *eo nomine* but in effect instructed the jury that interest could be assessed as an element of just compensation under Article 1, Section 17 of the Constitution of this State.

The overwhelming weight of authority is to the effect that when the owner is not paid compensation until after his property is taken, he is entitled to interest, or at least its equivalent in the form of damages, for the delay in making payment. Annotations 96 A. L. R., page 150 and 36 A. L. R. (2d) page 413; Nichols on Eminent Domain, Third Edition, Volume 3, Section 8.63. It will be noted in these anno-

tations that *Haig v. Wateree Power Co.,* 119 S. C. 319, 112 S. E. 55, is cited as being in line with the foregoing. Some of these authorities are referred to in the recent case of *South Carolina State Highway Department v. Miller,* 237 S. C. 386, 117 S. E. (2d) 561.

On page 428 of the annotation in 36 A. L. R. (2d) it is stated:

"In the great majority of the cases, the rule has been recognized that the interest which may be recovered as part of the damages or compensation to which one whose property has been taken under the power of eminent domain is entitled, is a matter of strict constitutional right. Stated differently, when compensation is not paid coincidentally with the taking, it must include some sum in addition to the bare value of the property on the taking date, for the delay in making payment, so that compensation may be just within the meaning of the constitutional requirement that just compensation be paid."

In *Appleton Water Works Co. v. Railroad Commission,* 154 Wis. 121, 142 N. W. 476, 478, 47 L. R. A., N. S., 770, the Court observed: "Just compensation must mean fair and reasonable value at the time the property is taken; just compensation for property presently taken must necessarily mean its present value presently paid; it cannot mean its present value to be paid two years in the future, without interest."

The United States Supreme Court has consistently allowed interest as a part of damages in condemnation cases. In *Seaboard Air Line Railway Co. v. United States,* 261 U. S. 299, 43 S. Ct. 354, 356, 67 L. Ed. 664, the Court said:

"The requirement that 'just compensation' shall be paid is comprehensive and includes all elements and no specific command to include interest is necessary when interest or its equivalent is a part of such compensation. Where the United States condemns and takes possession of land before ascertaining or paying compensation, the owner is not limited to the value of the property at the time of the taking;

he is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking. Interest at a proper rate is a good measure by which to ascertain the amount so to be added."

In several cases this Court has permitted the recovery of interest as an element of damages even though interest *eo nomine* could not have been recovered. *Wilson v. Atlantic & C. Railway Co.,* 16 S. C. 587; *Knight v. Sullivan Power Co.,* 140 S. C. 296, 138 S. E. 818.

The owner's right to just compensation cannot be made to depend upon statutory authorization. While the Legislature may fix the procedure to be followed in asserting a claim for compensation, it may not impair or deny an essential element thereof. As stated in *State v. Stabb,* 236 Ind. 319, 79 N. E. (2d) 392, 396, the Constitution "prevents the taking of private property for public use without just compensation. One of the elements of just compensation is the allowance of interest. This being an essential element it cannot be excluded even by legislative enactment." To the same effect is *Chick Springs Water Co. v. State Highway Department,* 159 S. C. 481, 157 S. E. 842, 848, where it was said: "In actions against the State for compensation for property taken, the Constitution itself gives consent for the state to be sued, and, where the Constitutional Convention has given such consent, no act of the General Assembly is needed for that purpose, nor is it in the power of that body to deny it; for 'a constitutional provision shall never be construed as dependent for its efficacy and operation upon the legislative will.'"

It would seem under the foregoing authorities that the fact that the Legislature has not authorized the allowance of interest in highway condemnation cases is not controlling. I think the question before us must be answered under the Constitution.

Since the majority of the Court has decided that the judgment should be reversed, I shall not undertake to discuss the other questions raised by the exceptions.